UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MAYER CHAIM BRIKMAN (RABBI),
RIVKAH BRIKMAN, and JOSEPH B.
WOLHENDLER,

                Plaintiffs,                    **MEMORANDUM AND ORDER**
                                                                     19-CV-5143 (RPK) (CLP)

       -against-

YEHOSHUA S. HECHT, JOHN DOE 1-10,
and JANE DOE 1-10,

                Defendants.
-------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

      *Pro se* plaintiffs Mayer Chaim Brikman, Rivkah Brikman, and Joseph B. Wolhendler bring this defamation action against Yehoshua Hecht and twenty unidentified defendants. Plaintiffs, who live in New York, invoke federal diversity jurisdiction. Mr. Hecht moves to dismiss the complaint on the grounds that plaintiffs know that the unnamed defendants live in New York. Mr. Hecht also moves for sanctions. For the reasons explained below, Mr. Hecht's motions are denied.

## BACKGROUND

      The following background comes from allegations in the second amended complaint, incorporated documents, and documents amenable to judicial notice. Plaintiffs' allegations are "accept[ed] as true" on a motion to dismiss. *Hamilton v. Westchester Cnty.*, 3 F.4th 86, 90-91 (2d Cir. 2021) (quoting *Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 188 (2d Cir. 2020)).

      Plaintiff Mayer Chaim Brikman is the rabbi for a Brooklyn synagogue called Kneses Israel of Seagate. *See* Second Am. Compl. ¶ 1 (Dkt. #35). He filed this suit with his wife Rivkah Brikman and Kneses board member Joseph B. Wolhendler. *See id.* ¶¶ 1-3. Plaintiffs allege that Yehoshua Hecht and twenty unnamed individuals posted libelous statements concerning Mr.

1

Wolhendler from the Twitter handle @KnesesG. *See id.* ¶¶ 3-4. Plaintiffs allege that defendants posted libelous statements concerning Mayer and Rivkah Brikman from the same account, *see id.* ¶¶ 5-6, retweeted libelous statements from Mr. Hecht's Twitter handle using a separate account ("@IgudOf"), *see id.* ¶ 7, and posted additional libelous statements from a third Twitter handle ("@wertsbergercha1"), *see id.* ¶ 8.

In September 2019, plaintiffs sued Mr. Hecht and Twitter, Inc. *See* Compl. at 4-5 (Dkt. #1). Plaintiffs' claims against Twitter were dismissed with prejudice. *See* Mem. & Order at 10 (Dkt. #26). Plaintiffs were then granted leave to amend the complaint to remove all allegations against Twitter and add twenty unnamed defendants. *See* Pls.' Ltr. at 1 (Dkt. #28); Dkt. Entry (Oct. 24, 2020). After Mr. Hecht filed a motion to dismiss the first amended complaint for failure to state a claim, *see* Def.'s Notice of Mot. (Dkt. #31), plaintiffs were granted leave to file a second amended complaint, *see* Order (Dkt. #34), which rendered moot Mr. Hecht's motion to dismiss.

Mr. Hecht now moves to dismiss the second amended complaint for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *See* Def.'s Mot. to Dismiss Pls.' Second Am. Compl. at 1 (Dkt. #36) ("Defs.' Memo"). He also asks the Court to use its inherent powers to sanction plaintiffs. *See ibid.*

## DISCUSSION

Yehoshua Hecht's motions are denied. Mr. Hecht argues that this action lacks diversity jurisdiction because plaintiffs are citizens of New York, and they have admitted in prior court filings in state court proceedings that they know that the unnamed defendants are citizens of New York. Invoking plaintiffs' prior statements regarding the citizenship of the unnamed defendants, Mr. Hecht also asks that the Court use its inherent powers to sanction plaintiffs for "intentionally making false statements" regarding citizenship in this case "and misleading the Court into exercising diversity jurisdiction." Def.'s Memo at 9. Mr. Hecht's motion is denied. Plaintiffs

2

assert in this Court that they do not know the citizenship of the unidentified defendants. Any inconsistent allegations made elsewhere are not conclusive at this stage of the case, and the motion for sanctions is premature.

### I. Mr. Hecht's motion to dismiss for lack of subject-matter jurisdiction is denied.

To survive a motion to dismiss for lack of subject-matter jurisdiction, plaintiffs must show that the Court has "the statutory or constitutional power to adjudicate" the action. *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 416-17 (2d Cir. 2015). Here, plaintiffs rely on diversity jurisdiction. *See* Second Am. Compl. at 4. A federal court has diversity jurisdiction over civil actions when the amount in controversy exceeds $75,000 and all plaintiffs are "citizens of states diverse from those of all defendants." *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 118 (2d Cir. 2014). A party invoking diversity jurisdiction "bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998).

Plaintiffs have met that burden at the pleading stage. Each plaintiff seeks at least $250,000 in damages. *See* Second Am. Compl. at 10. And plaintiffs adequately plead diversity, because they allege that they are citizens of New York, that Mr. Hecht is a citizen of Connecticut, and that the citizenship of the other twenty defendants is unknown. *See id.* at 4-5. While it is possible that the John and Jane Doe defendants may eventually be identified as citizens of New York, "the mere inclusion of John Doe defendants does not destroy complete diversity until it is later found that one or more of the unknown defendants is domiciled such that there is not complete diversity." *Zaccaro v. Shah*, 746 F. Supp. 2d 508, 516 (S.D.N.Y. 2010) (quoting *Doe v. Ciolli*, 611 F. Supp. 2d 216, 220 (D. Conn. 2009)); *see, e.g.*, *Grice v. McMurdy*, No. 18-CV-6414, 2020 WL 90770, at *1 n.1 (W.D.N.Y. Jan. 8, 2020); *Wells Fargo Bank, N.A. v. Ullah*, No. 13-CV-0485, 2014 WL

3

470883, at *6 n.3 (S.D.N.Y. Feb. 6, 2014); *Marcelo v. EMC Mortg. Corp.*, No. 10-CV-5964, 2011 WL 1792671, at *2 n.3 (E.D.N.Y. May 6, 2011).

Mr. Hecht suggests that it has been established that the unidentified defendants are domiciled in New York, because plaintiffs asserted that certain individuals domiciled in New York were responsible for the relevant tweets from @KnesesG during prior state-court litigation. *See* Def.'s Memo at 3, 8; Def.'s Memo, Ex. A, at 4-5 (Dkt. #36-2); Def.'s Memo, Ex. B, at 1 (Dkt. #36-3); Def.'s Memo, Ex. F., at 2 (Dkt. #36-7). But a plaintiff's past inconsistent allegations are not conclusive judicial admissions at the motion-to-dismiss stage. While "[a] court may take judicial notice of a document filed in another court . . . to establish the fact of such litigation and related filings," *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006), "a judicial admission only binds the party that makes it in the action in which it was made, not in separate and subsequent cases," *Hausler v. JP Morgan Chase Bank, N.A.*, 127 F. Supp. 3d 17, 38 (S.D.N.Y. 2015). Accordingly, "[p]rior inconsistent pleadings, though admissible against plaintiff . . . in any subsequent litigation involving that party, are controvertible, not conclusive admissions." *Holland v. City of New York*, 197 F. Supp. 3d 529, 541 n.9 (S.D.N.Y. 2016) (quoting *The Limited, Inc. v. McCrory Corp.*, 683 F. Supp. 387, 395 n.5 (S.D.N.Y. 1988). As a result, plaintiffs' filings "in the prior state court action[s] are not binding in this action, but rather, may only be considered as evidence, which [d]efendant may offer at the time of summary judgment or trial." *Nagaraj v. Sandata Techs., LLC*, No. 18-CV-4748, 2020 WL 7249338, at *6 (E.D.N.Y. June 16, 2020), *report and recommendation adopted*, No. 18-CV-4748, 2020 WL 6482194 (E.D.N.Y. Nov. 4, 2020). Until then, plaintiffs have adequately alleged complete diversity.

Similarly, plaintiffs' past statements are not binding under the doctrine of judicial estoppel. The doctrine of judicial estoppel "prevents a party from asserting a factual position in a legal

4

proceeding that is contrary to a position previously taken by that party in a prior legal proceeding." *Frost v. New York City Police Dep't*, 980 F.3d 231, 255 (2d Cir. 2020). But the doctrine applies only when a party's inconsistent position in an earlier proceeding "was adopted by the first tribunal in some manner, such as by rendering a favorable judgment." *Clark v. AII Acquisition, LLC*, 886 F.3d 261, 266 (2d Cir. 2018). Mr. Hecht has not shown that plaintiffs' state-court allegations regarding the citizenship of those responsible for the challenged tweets were adopted by any tribunal. I therefore decline to bind plaintiffs to their prior assertions of citizenship under the doctrine of judicial estoppel.

## II. Sanctions would be premature.

Mr. Hecht requests that the Court use its inherent powers to award "legal fees, costs and expenses" against plaintiffs "for intentionally making false statements and misleading the Court into exercising diversity jurisdiction." Def.'s Memo at 9.

"[A] court's inherent power allows it to impose monetary sanctions against a litigant . . . for misconduct." *Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*, 991 F.3d 361, 367 (2d Cir. 2021). But this power "must be exercised with restraint and discretion." *Id.* at 368 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)). "When it comes to monetary sanctions, a court should sanction only 'bad faith, vexatious[], [or] wanton[]' acts or actions otherwise undertaken for 'oppressive reasons.'" *Ibid.* (quoting *Chambers*, 501 U.S. at 45-46). Under these principles, "inherent-powers sanctions are appropriate only if there is clear evidence that the conduct at issue is (1) entirely without color and (2) motivated by improper purposes." *Wolters Kluwer Fin. Servs. Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009). "Conduct is entirely without color when it lacks any legal or factual basis." *Ibid.* Improper purposes include "harassment or delay." *Schlaifer Nance & Co. v. Est. of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999). A "finding that conduct

5

is without color or for an improper purpose . . . must be supported by a high degree of specificity in the factual findings. *Wolters Kluwer Fin. Servs., Inc.*, 564 F.3d at 114.

In addition, "[t]he time when sanctions are to be imposed rests in the discretion of the trial judge," *Chambers*, 501 U.S. at 56 n.19, and the practice in this Circuit is to "only grant[] sanctions motions based on a plaintiff's fraudulent allegations after the end of discovery and/or summary judgment practice," *Laba v. JBO Worldwide Supply Pty Ltd.*, No. 20-CV-3443, 2021 WL 2739228, at *5 (S.D.N.Y. July 1, 2021) (collecting cases). That practice reflects the fact that typically "only after discovery has been completed will the Court properly have before it" the basis for a plaintiff's allegations. *Luv N' Care, Ltd. v. Shiboleth LLP*, No. 16-CV-3179, 2017 WL 3671039, at *13 (S.D.N.Y. Aug. 8, 2017).

Applying these principles, I decline to impose sanctions at this time. Plaintiffs do appear to have made inconsistent allegations regarding the identity of the individuals behind the @KnesesG account. But not every such inconsistency is attributable to improper purposes or reflects litigation conduct that is without color. Consistent with local practice, I decline to award sanctions based on plaintiffs' inconsistent pleadings at this early stage of the proceedings, where the record concerning the basis for plaintiffs' dueling factual assertions is exceedingly limited.

## CONCLUSION

The motion to dismiss is denied. The motion for sanctions is denied without prejudice.

SO ORDERED.

                                                           /s/ Rachel Kovner
                                                           RACHEL P. KOVNER
                                                           United States District Judge

Dated:         August 24, 2021
                Brooklyn, New York